## BENEDICT v. MOORE et al.

(Circuit Court, S. D. New York. November 16, 1896.)

EQUITY—DEMURRER—SUFFICIENCY OF BILL.

A bill is good on general demurrer, although it may contain redundant or superfluous matter, where its allegations show that defendants obtained possession of complainant's property, agreeing to accomplish a certain object; that they violated this agreement, converted his property to their

own use, so manipulated it that they made personal gains, and refused to return either the original property or the profits, the amount of which is unknown.

This was a bill in equity by Elias C. Benedict against John G. Moore and others. Defendants filed general demurrers.

John L. Hill, for complainant.
Hoffman Miller, for defendant Guaranty Trust Co.
Thomas Thacher, for other defendants.

COXE, District Judge. The bill contains 65 paragraphs, 138 folios and covers 34 printed pages. It is, therefore, a fair presumption that nothing relating to the transaction in controversy has been omitted. The defendants have filed general demurrers. No objection is made to the bill upon the ground that it is too long. Were this question properly presented, it is not unlikely that the court might reach the conclusion that, should the pleader set himself seriously to the task of revision and condensation, a word or two, here and there, might possibly be dispensed with. The sole question arising upon these demurrers is whether or not the bill contains a cause of action. If it does it matters not what else it contains.

It is thought that the bill may be sustained for the purpose of having the relations of the parties declared as those of trustee and cestui que trust, compelling an account from the defendants of the profits derived from the use of complainant's property and restraining the disposition thereof until the rights of the parties are determined. In order to test the proposition let it be assumed that the complainant succeeds in proving the following facts: That he was the owner of 2,000 shares of the stock of the Williamsburgh Gaslight Company, which he transferred to the individual defendants solely to enable them to effect a consolidation of all the gas companies of the city of Brooklyn. That the shares were to remain the property of the complainant until surrendered for his ratable share of the stock and bonds of the consolidated corporation. That having obtained possession of the complainant's shares upon the representation that they were to be so used and having agreed that such consolidation should be made and the complainant's share of the stock and bonds of the new company delivered to him the defendants used the Williamsburgh shares to carry out an entirely different scheme and declined to surrender the original shares or even the bonds and stocks of the new and unauthorized company or to account for the same in any way. That the defendants have made profits out of the transaction which they refuse to turn over to the complainant. In short, that the defendants obtained possession of the complainant's property agreeing to accomplish a certain object, that they violated this agreement, converted his property to their own use, so manipulated it that they made personal gains and refuse to return either the original property or the avails and profits thereof, the amount of which is unknown to complainant. Assuming such proof is it not clear that the common law furnishes no adequate remedy and that the complainant is entitled to equitable relief? If so it only remains to consider whether such proof

can be given under the allegations of this bill. It is thought that it can be. An examination of the bill will disclose the fact that an averment sufficient to support each of the foregoing propositions can be found there. If, then, the bill is sufficient to enable the complainant to prove a cause of action in equity it cannot be held bad on general demurrer. The Guaranty Company is made a defendant, because, as the custodian of some of the property in dispute, its presence may be necessary to render a final decree effectual. The demurrers are overruled, the defendants to answer or plead within 20 days.